GUY COLLIER V. THE STATE.

No. 10563. Delivered January 19, 1927.

**Negligent Homicide—Statement of Facts—When Prepared by Court—Time for Filing.**

Under subdivision 4 of Art. 760, C. C. P. of 1925, when parties fail to agree on a statement of facts, and each party submits his statement to the court, who therefrom prepares the statement of facts, the time for filing such prepared statement is such time which the court deems necessary, not to exceed forty days after he receives the defendant's statement of facts. No errors appearing in the record, the cause is affirmed.

Appeal from the County Court at Law of Harris County. Tried below before the Hon. Ben F. Wilson, Judge.

Appeal from a conviction of negligent homicide, penalty a fine of $500.

The opinion states the case.

*Allwyn W. Pirtle* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in County Court at Law of Harris County of negligent homicide resulting from negligent operation of automobile, punishment fixed at a fine of $500.

We find in the record no bills of exception. The statement of facts is short, comprising but two pages, and seems amply sufficient to support the judgment. The State's Attorney raises the question that said statement of facts is not filed within the time required by statute. Appellant's motion for new trial was overruled on February 8, 1926, at which time he gave notice of appeal. Under our Revised Criminal Procedure of 1925 appellant would have ninety days from the giving of notice of appeal in which to file his statement of facts, which time would expire on May 8, 1926. The statement of facts in this case was filed on May 28, 1926. However, we observe that in this case the learned trial court certifies that the parties failed to agree upon a statement of facts and that each party submitted his statement to the court who therefrom has prepared the statement of facts, which the clerk was ordered to file. Subdivision 4 of Article 760, 1925 C. C. P., provides that when the duty devolves upon the court to prepare the statement of facts he shall have such time in which to do so as he deems necessary, not to exceed forty days after he receives the defendant's statement of facts. Finding nothing in the record from which we can conclude that the statement of facts on file herein was filed more than forty days after the reception by the trial judge of the appellant's statement of facts, we are inclined not to agree with the state's contention, but have considered the statement of facts. In our opinion same amply justify the conclusion reached by the jury and supported the judgment.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*